1  GILBERT M. NISHIMURA (SBN 057905)
   J. EDWIN RATHBUN, JR. (SBN 221804)
2  (erathbun@snw-law.com)
   ANDREW C. PONGRACZ (SBN 258554)
3  (apongracz@snw-law.com)
   **Seki, Nishimura & Watase, LLP**
4  605 W. Olympic Blvd., Penthouse
   Los Angeles, CA 90015
5  Ph: 213-481-2869; Fax: 213-481-2871

6  *Attorneys for Defendants*
   SHERIFF BACA, COUNTY OF LOS ANGELES,
7  DEPUTY CASTLE, AND DEPUTY BRADEN

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10  JOSE CORTEZ, an Individual,          | **Case No. CV11-3274-DDP (AGRx)**

11              Plaintiff,               | **[Assigned to United States District Court Judge Dean D. Pregerson]**

12      -vs-                             | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE**
13  LEROY D. BACA, SHERIFF OF THE          **TO EXCLUDE THE TESTIMONY OF**
    LOS ANGELES COUNTY SHERIFF'S           **PLAINTIFF'S EXPERT WITNESS,**
14  DEPARTMENT; THE COUNTY OF              **ROGER CLARK; MEMORANDUM**
    LOS ANGELES, a Municipal              **OF POINTS AND AUTHORITIES;**
15  Corporation; LOS ANGELES COUNTY       **DECLARATION OF J. EDWIN**
    DEPUTY SHERIFF CASTLE, BADGE          **RATHBUN, JR.; EXHIBITS**
16  NO. 515174, an Individual; AND LOS
    ANGELES COUNTY DEPUTY                 **[Motion *in Limine* 5 of 5]**
17  SHERIFF BRADEN, BADGE NO.
    405667, an Individual,                **Date:    October 1, 2012**
18                                        **Time:    10:00 a.m.**
                Defendants.               **Ctrm:    3 – 2ND FL.**
19

20

21      **TO THE HONORABLE DEAN D. PREGERSON, UNITED STATES**

22  **DISTRICT JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF**

23  **RECORD:**

24      **PLEASE TAKE NOTICE** that on October 1, 2012 at 10:00 a.m. in

25  Courtroom 3 of the United States District Court located at 312 N. Spring St., Los

26  Angeles, CA 90012, Defendants LEROY D. BACA, Sheriff of the Los Angeles

27  County Sheriff's Department ("SHERIFF BACA"), the County of Los Angeles

28  ("COUNTY"), Deputy Sheriff Joshua Castle ("CASTLE") and Deputy Sheriff

                                    -1-

James Braden ("BRADEN") (collectively "Defendants") will and hereby do move for an order *in limine* to exclude the testimony of Plaintiff's police practices/use of force expert, Roger Clark.

This motion is based upon this Notice of Motion,  *Federal Rule of Evidence* 702, the case law noted herein, the concurrently filed Memorandum of Points and Authorities; the Declaration of J. Edwin Rathbun, Jr. and all exhibits attached thereto, all records on file with the Court in this action, and such oral and documentary evidence which may be produced at the hearing of this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place at the office of Plaintiff's counsel on August 29, 2012.

Respectfully submitted,

DATED: August 31, 2012                  SEKI, NISHIMURA & WATASE, LLP


                                         /s/ Andrew C. Pongracz
                              By    _____
                                         Gilbert M. Nishimura
                                         J. Edwin Rathbun
                                         Andrew C. Pongracz
                                         Counsel for Defendants COUNTY OF LOS
                                         ANGELES, SHERIFF BACA, AND
                                         DEPUTIES CASTLE AND BRADEN

# MEMORANDUM OF LAW

## I.   INTRODUCTION

This is an excessive force lawsuit regarding a traffic stop and custodial five-minute handcuffing by two Los Angeles County Sheriff's Department deputies that occurred on April 23, 2010 in Calabasas, California.  That morning, Plaintiff Jose Cortez ("Plaintiff and/or "Mr. Cortez") was driving a Ford F-150 pickup truck northbound on Highway 101 with a visibly unsafe load: a violation of *California Vehicle Code* section 24002(a).

Deputy James Braden ("Deputy Braden") and his trainee/partner Sheriff's Deputy Joshua Castle ("Deputy Castle") initiated a traffic stop, made contact with Plaintiff, obtained his name, and "ran" his name through the Mobile Digital Terminal ("MDT") inside their vehicle.  Shortly thereafter, a radio dispatcher asked Deputies Castle and Braden about the "warrant suspect" who they had 'run' on their MDT.  Acting on the basis of this broadcast, to ensure officer safety until the suspect (Mr. Cortez) could be identified, Deputy Castle handcuffed Plaintiff.

Deputies Castle and Braden soon completed their investigation and confirmed that Plaintiff Cortez was not the same "Jose Cortez" who was the subject of the warrant(s) referenced by the dispatcher.  Plaintiff Cortez was released from handcuffs, cited for his unsafe load and released.  Plaintiff paid his ticket on June 18, 2010.

Plaintiff claims that as he was being handcuffed his right biceps tendon was torn and his rotator cuff injured (both alleged injuries presumably caused by Deputy Castle's handcuffing).  On the basis of these alleged events, Plaintiff brings a total of seven claims against the two Deputies, the County of Los Angeles and Sheriff Baca.

## II.   FACTS RELEVANT TO THE INSTANT MOTION IN LIMINE

On July 2, 2012, Plaintiff designated Roger Clark, a police practices consultant, as an expert witness in this case. (Declaration of J. Edwin Rathbun, Jr. ("Decl.

Rathbun"), ¶ 3, **Exhibit A**, p.2 of Plaintiff's Disclosure.)   Plaintiff's expert witness designation stated that Mr. Clark,

> "…will provide expert testimony to assist the triers of fact in understanding the specialized training necessary before officers are assigned to patrol duty, the procedures for enforcement of a traffic violation, the application of data acquired via police communications systems, the reasonable assessment of preliminary date regarding possible wanted persons, field interview methods, split second decisions, and proper police tactics with respect to use of force (including handcuffing techniques)."   (*Id.* at ¶ 3, **Exhibit A**, p.2 of Plaintiff's Disclosure.)

At Mr. Clark's August 29, 2012 deposition, he testified that the deputies had probable cause to initiate a traffic stop on Plaintiff on the date in question.  (*Id.* at ¶ 4, **Exhibit B**, 80:18-20.)   He also testified that the detention of Plaintiff by the Deputies pending their further investigation of a possible warrant out for Plaintiff's arrest was reasonable.  (*Id.* at ¶ 4, **Exhibit B**, 41:1-6.)   Furthermore, according to Mr. Clark, the Deputies' decision to handcuff Plaintiff during the temporary detention was permissible.   (*Id.* at ¶ 4, **Exhibit B**, 38:21-39:9.)   Mr. Clark acknowledges he was not retained to provide expert testimony about the causation of Plaintiff's alleged injuries, from a medical standpoint.  (*Id.* at ¶ 4, **Exhibit B**, 24:11-14.)

Mr. Clark opines that Deputy Castle forcefully handcuffed Plaintiff, which consisted of the "extreme yanking and twisting of [Plaintiff's] right arm in the process of handcuffing him caused a serious and needless injury", according to Plaintiff's deposition testimony.   (*Id.* at ¶ 4, **Exhibit A**, no. 4 of p.3 of Clark Report.)  He further acknowledges that he believes Plaintiff's version of events to be true in arriving at his opinions.  (*Id.* at ¶ 4, **Exhibit B**, 105:6-106:1.)  Mr. Clark

1  acknowledges that if he were to accept Deputy Castle's description of the
2  handcuffing of Plaintiff to be true, that method of handcuffing was within policy,
3  practice and the appropriate standard of care.  (*Id.* at ¶ 4, **Exhibit A**, 107:20-108:1.)

4  Mr. Clark acknowledges it is not his purpose or intent to determine the
5  veracity of Plaintiff's allegations, and that it is up to the jury to determine what
6  happened, factually, during the alleged incident.  (*Id.* at ¶¶ 3 and 4, **Exhibit A,** p.1
7  of Clark Report; **Exhibit B**, 23:15-23; 90:5-7.)

8  **III.    SCOPE OF MOTION**

9  In the instant motion, Defendants seek to exclude the testimony of Plaintiff's
10  police practices/use of force expert, Roger Clark.

11  **IV.    MR. CLARK'S TESTIMONY AND OPINIONS WILL NOT ASSIST**
12  **THE TRIER OF FACT IN UNDERSTANDING THE EVIDENCE OR**
13  **IN DETERMINING A FACT IN ISSUE**

14  An expert witness may give opinion testimony if scientific, technical, or
15  other specialized knowledge will assist the trier of fact to understand the evidence
16  or to determine a fact in issue.  Fed. R. Evid. 702.  Expert testimony is not only
17  unnecessary but may properly be excluded in the trial judge's discretion if all
18  primary facts can be accurately and intelligibly described to the jury, and if they, as
19  men and women of common understanding, are as capable of comprehending
20  primary facts and of drawing correct conclusions from them as are witnesses
21  possessed of special or peculiar training, experience, or observation.  *Salem v. U.S.*
22  *Lines Co.*, U.S.N.Y.1962, 370 U.S. 31, rehearing denied; *Fineberg v. U.S.* (9th
23  Cir.1968) 393 F.2d 417.

24  Here, Mr. Clark will critique the manner in which Plaintiff was handcuffed
25  by Deputy Castle, based upon his acceptance of the Plaintiff's version of events as
26  true.  There is unquestionably a factual dispute between the Deputies and Plaintiff
27  as to the manner in which Plaintiff was handcuffed.   Mr. Clark acknowledges it is
28  up to the jury to determine which set of facts to believe.  He also acknowledges the

1  Deputies had probable cause to conduct a traffic stop on Plaintiff and that their
2  decision to handcuff Plaintiff pending the further investigation of the possible
3  warrant was reasonable.

4      As set forth in Mr. Clark's report, Plaintiff alleges his arm was yanked and
5  twisted by Deputy Castle during the handcuffing.  If a jury believes Plaintiff's
6  factual account, clearly it can determine whether this constitutes a violation of
7  Plaintiff's civil rights without the assistance of expert testimony.  Conversely, if the
8  Deputies' factual accounts are to be believed, that no such yanking or twisting took
9  place and that this was a routine handcuffing, a jury can conclude there was no
10 violation of Plaintiff's civil rights.  Mr. Clark's testimony and opinions will not
11 assist the trier of fact in understanding the evidence or in determining a fact in issue
12 here, as the jury is capable of making that decision on its own.  For this reason, his
13 testimony should be excluded at trial.

14 **V.    CONCLUSION**

15     For the foregoing reasons, Defendants request that this Court issue an order
16 in limine, excluding the testimony of Roger Clark at trial.

17

18                                   Respectfully submitted,

19 DATED: August 31, 2012          SEKI, NISHIMURA & WATASE, LLP

20

21                                   /s/ Andrew C. Pongracz

22                                   By _____
                                     Gilbert M. Nishimura
23                                   J. Edwin Rathbun, Jr.
                                     Andrew C. Pongracz
24                                   Counsel for Defendants COUNTY OF LOS
                                     ANGELES, SHERIFF BACA, AND
25                                   DEPUTIES CASTLE AND BRADEN

26

27

28

## DECLARATION

I, J. Edwin Rathbun, Jr., declare as follows:

1  I am an attorney licensed to practice law in the state of California and am a partner at Seki, Nishimura & Watase, LLP, counsel of record for Defendants LEROY D. BACA, Sheriff of the Los Angeles County Sheriff's Department ("SHERIFF BACA"), the County of Los Angeles ("COUNTY"), Deputy Sheriff Joshua Castle ("CASTLE") and Deputy Sheriff James Braden ("BRADEN") (collectively "Defendants").

2  I have personal knowledge of the facts stated in this declaration. If called upon to do so I could and would testify competently thereto.

3.  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Disclosure of Experts and the report of Roger Clark that was served concurrently with the disclosure on July 2, 2012.

4.  I took the deposition of Roger Clark on August 29, 2012.  Attached hereto as **Exhibit B** are true and correct copies of excerpts of the rough copy of Mr. Clark's deposition transcript, cited herein.  Pages from the rough copy are being provided at this time because my office has not yet received a certified copy.  True and correct copies of excerpts of the certified copy will be lodged with the Court upon receipt by my office.

5.  On August 29, 2012 counsel met and conferred in person at Plaintiff's Counsel's office regarding motions in limine pursuant to L.R. 7-3.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on August 31, 2012 at Los Angeles, California.

/S/ J. EDWIN RATHBUN, JR.

J. Edwin Rathbun, Jr.